THE GEORGE L. GARLICK. (Two Cases.)*

*District Court, E. D. New York.* April 26, 1883.)

LOSS OF BOATS IN TOW IN A SQUALL—MASTER'S PREVIOUS ERROR OF JUDGMENT AS TO WEATHER.

A tug was *held* not liable for the loss of boats in its tow in a squall, where the evidence failed to prove the state of the weather a short time before, the time the master determined to proceed on the voyage, to have been such as to make such determination an omission to exercise due care in the management of the tow, instead of an error of judgment.

In Admiralty.

*J. A. Hyland*, for libelants.

*Owen & Gray*, for claimants.

BENEDICT, J. After a careful examination of the evidence in the two cases above named, that of O'Rourke and that of Buckley, I

*Reported by R. D. & Wyllys Benedict.

have arrived at the conclusion that the tug proceeded against cannot be held liable for the loss of the two canal-boats in the libels mentioned.    The loss in question occurred while the boats were in tow of the tug on a voyage from New Haven to Bridgeport, in the month of February, 1882.    The immediate cause of the loss of the boats was a sudden squall, which the tug encountered after she had passed Stratford Point, and before she had reached Bridgeport.    The case, in my opinion, turns upon the question whether, at the time when the master of the tug was called on to determine whether he would proceed around Stratford Point, or turn back and make harbor at Charles Island, the condition of the weather was such as to indicate to a competent navigator that the attempt to pass from Stratford Point to Bridgeport, on the occasion in question, with a tow of five light boats upon a hawser, could not be made without risk of the tow being broken up by the wind and sea before reaching Bridgeport. Upon this question my opinion is that the evidence fails to prove such to have been the state of the weather.    The determination of the master of the tug to proceed around the point, instead of turning back to Charles Island, which resulted in the loss of these boats, must upon the evidence be considered to be an error of judgment, and not an omission to exercise due care in the management of his tow.

The libels are therefore dismissed, with costs.